## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VINCENT RICHARDSON,

        Plaintiff,

v.

        Case No. 6:20-cv-1353

INNOVATIVE EMERGENCY
MANAGEMENT, INC.

        Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(b), Defendant Innovative Emergency Management, Inc. (IEM) files this Notice to remove the above-styled action from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, on the following grounds:

1. <u>Plaintiff</u>: Plaintiff Vincent Richardson is a resident of the State of Florida. (Compl., ¶ 1).

2. <u>Removing Defendant</u>: IEM is a corporation that is incorporated in Louisiana with its principal place of business in North Carolina. IEM conducted business in Brevard County, Florida through its Rebuild Florida location in Rockledge, Florida. (Exhibit A, ¶¶ 3, 4; Compl., ¶ 3).

3. <u>Nature of the Action</u>: Plaintiff worked at IEM from September 21, 2018 until July 6, 2020. Plaintiff held the position of "Admin. Support" from September 21, 2018 until

approximately May 20, 2019 when she was promoted to the position of "Case Manager" (which is also known as "Intake Specialist"). Plaintiff requested to return to the Admin. Support position, which was effective on July 27, 2019. Plaintiff's employment was terminated on July 6, 2020 when IEM's Rockledge location was closed and IEM accordingly implemented a reduction in force. (Exhibit A, ¶ 6).

Plaintiff filed her Complaint, entitled *Vincent Richardson v. Innovative Emergency Management, Inc.*, Case No. 2019-CA-051261, on October 22, 2019 in Brevard County. Plaintiff alleges that IEM violated the Florida Private Whistleblower's Act, §448.102, Fla. Stat. Specifically, Plaintiff claims that she was demoted to Admin. Support in retaliation for complaining about unfair treatment. *See* Compl., ¶¶ 36–40.

4. <u>Amount in Controversy</u>: In the Complaint, Plaintiff seeks an unspecified amount of damages for lost wages, benefits, other remuneration, and attorneys' fees and costs. (Compl., p. 6). Because the face of Plaintiff's Complaint does not establish that the amount in controversy is satisfied, IEM propounded discovery to Plaintiff to discern the amount of damages Plaintiff seeks. (*See* Exhibit B, Interrogatory No. 13) (seeking each element of Plaintiff's claimed damages and the precise dollar amount of damages). Plaintiff's discovery responses were imprecise and still did not allow IEM to discern Plaintiff's alleged damages. (*See* Exhibit C, Response to Interrogatory No. 13). In fact, Plaintiff indicated that she was "reviewing this specific request with regard to economic damages" and that she would "supplement [her] response." (*See* Exhibit C, Response to Interrogatory No. 13). Plaintiff also stated that she would "request the salary and benefits data from Defendant in order to provide an accurate number for these damages." (*See* Exhibit C, Response to Interrogatory No. 13).

Plaintiff, however, neither supplemented her response to Interrogatory No. 13 nor requested salary and benefits data from IEM. IEM therefore sent Plaintiff a letter on May 18, 2020 requesting that Plaintiff supplement her response and provide IEM with an accurate damages figure, among other things. (*See* Exhibit D, p. 2) (noting that "without additional information from Plaintiff, Defendant cannot discern and assess Plaintiff's claimed damages," and that "it remains unclear what [Plaintiff's] damages are"). IEM even voluntary provided Plaintiff with the salary data that she said she would request from IEM, but never did. (*See* Exhibit D, p. 2). Notably, while conducting background diligence, IEM discovered that Plaintiff registered a fictitious business name with the State of Florida on July 20, 2019—days after Plaintiff requested to return to the Admin. Support role. IEM therefore requested information regarding "any sources of income that may reduce Plaintiff's claimed damages." (*See* Exhibit D, p. 2).

Plaintiff did not initially respond to IEM's May 18, 2020 letter. (*See* Exhibit E). Counsel for the parties corresponded on June 24 and 25, 2020, and IEM's counsel again attempted to obtain information about Plaintiff's claimed damages. (*See* Exhibit F). Counsel spoke by phone on June 29, 2020. (*See* Exhibit F). During the June 29, 2020 phone call, Plaintiff's counsel represented that Plaintiff's damages calculations did not include any offsets or reductions, and that Plaintiff would supplement her interrogatory responses to provide a damages calculation figure.

On July 7, 2020, Plaintiff served Plaintiff's Supplemental Answers and Objections to Defendant IEM's First Request for Production. (*See* Exhibit G). Plaintiff did not separately supplement her responses to IEM's interrogatories. Plaintiff did, however, state that her

damage calculations "will equal approximately the difference in IS pay of $50,000 per year and administrative support pay of $17 per hour, plus any fringe benefits lost, from the time of Plaintiff's demotion until her reinstatement to IS or until her retirement in approximately 4.5 years."[1]  (Exhibit G, Supplemental Response to RFP No. 13).

In light of these supplemental responses, it is now clear that the amount in controversy is satisfied.  Plaintiff's June 29, 2020 clarification regarding her damages calculations and July 7, 2020 supplemental discovery responses provided the additional information necessary to calculate Plaintiff's damages, and clarified that Plaintiff's damages amounts are not currently subject to any offset or reduction.  Moreover, Plaintiff's recent employment termination has increased her future lost wages calculation, as that figure is no longer subject to reduction based on Plaintiff's Admin. Support pay.  Using Plaintiff's damage calculation, her potential front pay – which is only one aspect of the damages that she seeks – equals $225,000 ($50,000 x 4.5 years = $225,000).  Accordingly, the amount in controversy in this case easily exceeds $75,000, exclusive of interest and costs.

5.     <u>Timing of Notice of Removal</u>:  This removal is timely pursuant to 28 U.S.C. § 1446(b)(3) and (c)(1), because this Notice of Removal is filed within 30 days of the date from which IEM could first ascertain that the case is one which is or has become removable (i.e., July 7, 2020), and because this Notice of Removal is filed within one year after commencement of the action.

6.     <u>Jurisdiction</u>:  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity), because Plaintiff is a citizen of the State of Florida, IEM is a citizen of

---

[1] Plaintiff's supplemental responses do not account for her employment termination on July 6, 2020.

Louisiana and North Carolina, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  *See*, *e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

7. <u>Venue</u>:  As stated in the Complaint, the events giving rise to Plaintiff's claims allegedly arose in Brevard County, Florida.  Therefore, pursuant to 28 U.S.C. § 1391, venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon IEM are attached to this Notice as Composite Exhibit H.

Date: July 29, 2020

/s/ *John E. Phillips*
John E. Phillips
 Florida Bar No.: 0823155
Julie A. Girard
 Florida Bar. No.: 124372
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602
813-472-7550
813-472-7570 (FAX)
john.phillps@phelps.com
julie.girard@phelps.com

Attorneys for Defendant Innovative Emergency Management, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system and served a copy of the foregoing via regular U.S. Mail to the following:

Mark C. Elliott, Esq.
Mark Elliott Law
390 North Orange Avenue, Suite 2300
Orlando, FL 32801
mark@markelliottlaw.com

Attorney for Plaintiff

                                                */s/ John E. Phillips*
                                                Attorney

PD.29255395.1