## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

VINCENT RICHARDSON

        Plaintiff,

        Case No.

vs.

**JURY TRIAL DEMANDED**

INNOVATIVE EMERGENCY
MANAGEMENT, INC.

        Defendant.

_____/

## COMPLAINT

Plaintiff Vincent Richardson (Richardson or Plaintiff), by and through her attorney, sues Defendant Innovative Emergency Management, Inc. (IEM or Defendant) for violation of Florida Statutes, Section 448.101, et seq.[1] and alleges:

### PARTIES

1. Richardson is a resident of Brevard County, Florida.

2. Richardson is an "employee" as defined by Florida Statutes, Section 448.101(2) who is employed by IEM and works at IEM's Brevard County worksite.

3. IEM is a foreign corporation doing business in the state of Florida with a worksite in Brevard County, Florida.

4. IEM is an "employer" as defined by Florida Statutes, Section 448.101(3).

### JURISDICTION AND VENUE

---

[1] On or about October 22, 2019, Richardson timely dual-filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR) for her claims of race, color, and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000(e), et seq. and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. (FCRA). Upon satisfying these conditions precedent, Richardson may seek to amend this Complaint to add these additional causes of action under Title VII and the FCRA.

5. This court has subject matter jurisdiction over this case because it is an action for damages in excess of $15,000.00, exclusive of interest, attorney's fees, and costs. IEM does business and provides services in Brevard County, Florida. The acts and omissions which underlie this action occur in Brevard County, Florida.

6. This court has personal jurisdiction over IEM pursuant to Florida Statutes, Section 48.193(1)(a).

7. Venue is proper in Brevard County, Florida pursuant to Florida Statutes, Section 47.051 and Florida Statutes, Section 448.103.

## FACTUAL ALLEGATIONS

8. IEM is a contractor with the state of Florida and has received contract awards in excess of $70 million through the Department of Economic Opportunity to provide disaster recovery services related to Hurricane Irma.

9. IEM has a worksite at 295 Barnes Boulevard in Rockledge, Florida where Richardson works.

10. Richardson, an African American female, age 65, was hired as an employee of IEM in or around September 2018, to work as an administrative assistant.

11. Richardson's position required her to report directly to Denise Donlan (Donlan), the manager of the worksite and an IEM employee.

12. After approximately eight (8) months of work as an administrative assistant, Richardson was promoted to an Intake Specialist position in May 2019.

13. Richardson has a bachelor degree.

14. Richardson's training for the Intake Specialist position was minimal and abbreviated compared to training at her worksite of Caucasians under the age of 40, as she had to resume her

2

administrative support role for approximately six (6) days during her training period while Donlan took leave for a death in her family.

15. In early June 2019 Richardson was to commence Intake Specialist responsibilities.

16. In early June 2019 Donlan told Richardson she needed Richardson to straightaway build a caseload of approximately seventy (70) community applications for post-hurricane assistance.

17. A Caucasian Intake Specialist, age approximately 35, took the cases of approximately eight (8) applicants over a one (1) month period.

18. In early June 2019 Donlan told Richardson that Richardson would have to take the cases of all new applicants.

19. In June 2019 Donlan re-assigned to Richardson cases belonging to the Caucasian Intake Specialist, age approximately 35.

20. This Intake Specialist would state that she was bored and would lay across her desk in the morning until Donlan arrived at work, usually around 10:00 a.m.

21. Richardson objected to the way she was being treated in comparison to the Caucasian Intake Specialist and told Donlan it was not right.

22. Donlan accused Richardson of telling Donlan how to do her job.

23. Donlan had a discussion with Richardson on or about June 17, 2019 regarding Richardson's concerns about the biased nature of the assignment of her caseload and intake duties.

24. In or about early July 2019 Richardson complained about the biased treatment in a phone call to IEM's Human Resources department. Human Resources promised to call her back.

25. On information and belief, Human Resources reported Richardson's concerns to Donlan directly.

26. Richardson never received a call back from Human Resources, instead Donlan held a disciplinary meeting with Richardson.

27. On or about July 5, 2019 Donlan held a meeting with Richardson and Donlan's superior, Edgar Gomez (Gomez), to discuss Richardson's performance (the "Meeting").

28. In the Meeting, Richardson objected to the discriminatory way she was being treated in her training, caseload, and intake duties.

29. During the meeting, Donlan and Gomez pressured Richardson to resign or accept a demotion to administrative assistant.

30. Richardson accepted the demotion under pressure of losing her job from Donlan and Gomez.

31. A written warning (Warning) was issued during or immediately after the Meeting in retaliation for Richardson's objections. It falsely stated that Donlan had participated in Richardson's training. The Warning also contained other inaccuracies or falsehoods about Richardson or her performance. The Warning is preventing Richardson from seeking other employment opportunities.

32. After the July Meeting, a replacement was hired to take Richardson's Intake Specialist job.

33. The replacement was a Caucasian female, age approximately 28 (Replacement), who has an associate degree.

34. During an approximately three (3) week period, Replacement only took the cases of two (2) applicants, in comparison to Richardson taking on the cases of approximately five (5) applicants during a one (1) week period. Richardson objects to this discriminatory treatment.

35. Donlan continues to subject Richardson to retaliatory treatment because of Richardson's objections to IEM's discriminatory treatment of her, including giving public critiques, adding and then removing Intake Specialist duties to Richardson's current administrative assistant job, and accusing Richardson of causing staff shortages during times when Donlan has taken Intake Specialists off of duty without subsequently notifying Richardson (who is tasked with the scheduling of Intake Specialists), thereby causing a shortage.

## COUNT I – RETALIATION IN VIOLATION OF THE FLORIDA WHISTLE BLOWER'S ACT, FLORIDA STATUTES, SECTION 448.102

36. Richardson incorporates and realleges paragraphs 1 through 35 above as if fully set forth herein.

37. On or about June 17, 2019 in a meeting with Donlan, Richardson objected to the biased treatment she was experiencing in the assignment of her intake duties and caseload, as compared to the assignment of intake duties and caseload of a female Caucasian co-worker, age approximately 35, which Richardson reasonably believed was in violation of the Florida Civil Rights Act, Florida Statutes, Chapter 760, et seq.

38. In or around July 2019 Richardson called IEM's Human Resources department to object to the biased treatment she was experiencing in the assignment of intake duties and caseload, as compared to the assignment of intake duties and caseload of a female Caucasian co-worker, age approximately 35, which Richardson reasonably believed was in violation of the Florida Civil Rights Act, Florida Statutes, Chapter 760, et seq.

39. On or about July 5, 2019 in the Meeting with Donlan and Gomez, Richardson objected to the biased treatment she was experiencing in the assignment of intake duties and caseload, as compared to the assignment of intake duties and caseload of a female Caucasian co-worker, age approximately 35, which Richardson reasonably believed was in violation of the Florida Civil Rights Act, Florida Statutes, Chapter 760, et seq.

40. On or about July 5, 2019 IEM wrongfully demoted Richardson to an administrative assistant role because of Richardson's objections to IEM's biased treatment of her. This demotion included a reduction in salary and other benefits or privileges.

41. As a direct and proximate result of IEM's actions or inaction, Richardson has incurred, and will continue to incur, economic damages and other compensable damages in the form of lost wages, benefits and other remuneration.

42. Richardson has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs, and is entitled to such pursuant to Florida Statutes, Section 448.104.

WHEREFORE, Richardson demands judgment against IEM for:

a. an injunction restraining the continued violation of Florida Statutes, Section 448.102;

b. reinstatement to the same position held before IEM's retaliatory action;

c. reinstatement of full fringe benefits and seniority rights;

d. compensation for lost wages, benefits, and other remuneration;

e. attorney's fees and costs of this action; and,

f. any other relief this Court deems just and equitable.

6

## JURY TRIAL DEMANDED

Richardson respectfully demands trial by jury of all issues and counts so triable.

[Signature page follows]

Dated: October 22, 2019			Respectfully submitted,

			MARK ELLIOTT LAW
			390 N Orange Ave, Suite 2300
			Orlando, FL 32801
			tel (407) 459-8855
			fax (407) 386-9407

			By: _____
			Mark C. Elliott
			Florida State Bar No. 1005568
			mark@markelliottlaw.com

			Attorney for Plaintiff,
			*VINCENT RICHARDSON*

8